UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN R. BUCKENMEYER,<br><br>　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,<br><br>　　Defendant. | NO.  2:14-cv-00297-SAB<br><br>**ORDER DENYING PLAINTIFF'S MOTON FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

　　Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 12, and Defendant's Motion for Summary Judgment, ECF No. 15. The motions were heard without oral argument. Plaintiff is represented by Joseph M. Linehan. Defendant is represented by Assistant United States Attorney Pamela De Rusha and Special Assistant United States Attorney Alexis Toma.

　　**I.**　　**Jurisdiction**

　　On April 15, 2011, Plaintiff filed a Title II application for disability insurance benefits (DIB) and also filed a Title XVI application for supplemental security income (SSI) on the same day. Plaintiff alleged he is disabled beginning December 22, 2010, due to depression, an avoidant personality disorder, and a mathematical disorder.

His application was denied initially on August 4, 2011, and again denied on reconsideration on October 31, 2011. A timely request for a hearing was made. On January 24, 2013, Plaintiff appeared at a hearing held in Spokane, Washington before Administrative Law Judge (ALJ) Caroline Siderius. R. Thomas Mcknight, Jr., Ph.D, medical expert, and Thomas Polsin, vocational expert, also participated. Plaintiff was represented by attorney Joseph M. Linehan.

The ALJ issued a decision on February 15, 2013, finding that Plaintiff was not disabled. Plaintiff timely requested review by the Appeals Council, which denied his request for review on August 7, 2014. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner. 42 U.S.C. §405(h).

Plaintiff filed a timely appeal with the U.S. District Court for the Eastern District of Washington on September 10, 2014. The instant matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II. Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). A claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §423(d)(2)(A).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

**ORDER DENYING PLAINTIFF'S MOTON FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2**

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. § 416.920(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. 20 C.F.R. § 416.972(a); *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 416.971. If he is not, the ALJ proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. § 416.909. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. § 416.920(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering Step 4, the ALJ must first determine the claimant's residual functional capacity. 20 C.F.R. § 416.920(e). An individual's residual functional capacity is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments.

Step 4: Does the impairment prevent the claimant from performing work he has performed in the past? 20 C.F.R. § 416.920(f). If the claimant is able to perform his previous work, he is not disabled. *Id.* If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

///

**ORDER DENYING PLAINTIFF'S MOTON FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**

Step 5: Is the claimant able to perform other work in the national economy in view of his age, education, and work experience? 20 C.F.R. § 416.920(g).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

## III. Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

**ORDER DENYING PLAINTIFF'S MOTON FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4**

## IV. Statement of Facts

The facts have been presented in the administrative transcript and the ALJ's decision and will only be summarized here.

At the time of the hearing, Plaintiff was twenty-seven years old. Plaintiff has previous work experience including working as a telephone sales representative and cook. He graduated from high school in 2004, but has not attended any college. He has not worked since December, 2010.

In 2009, Plaintiff was living in Tacoma, Washington with his mother. He then moved to West Virginia and worked until December, 2010, when he moved back to Washington. At the time of the hearing, he was living with his father and brother in Airway Heights, Washington, but he had also lived in Arizona and Pennsylvania since graduating from high school. He reports that he spends all day on the computer, playing games and communicating with other people. He wakes up around 1 p.m. and goes to bed around 3 a.m.

He also reports that he does not get out much because he is uncomfortable around others. He socializes as little as possible and has little motivation to accomplish anything.

## V. The ALJ's findings

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since December 22, 2010, the application date. (Tr. 22.)

At step two, the ALJ found Plaintiff has the following severe impairments: a major depressive disorder, moderate; low average range of intellectual functioning; and avoidant/schizotypal personality traits. (Tr. 22.)

At step three, the ALJ found that Plaintiff's impairments or combination of impairments do not meet or medically equal Listing 12.04 (Affective disorders) or 12.08 (Personality disorders). (Tr. 23.)

The ALJ concluded that Plaintiff has the residual functional capacity to perform a full range of work at all exertional levels, but with the following

nonexertional limitations: only one-to-three step tasks, no detailed work, no more than ordinary production standards/requirements, and only superficial contact with others (coworkers, the public) (Tr. 24.)

At step four, the ALJ found Plaintiff was not capable of performing any past relevant work. (Tr. 28.)

At step five, the ALJ found there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 28.) Because Plaintiff's ability to perform work at all exertional levels was compromised by nonexertional limitations, the ALJ relied on the vocational expert's testimony that Plaintiff would be able to perform the requirements of representative occupations such as: auto detailer and kitchen helper, which would include dishwasher. In doing so, the ALJ concluded that Plaintiff was not disabled under section 1614(a)(3)(A) of the Social Security Act

## VI. Issues for Review

1. Did the ALJ commit reversible error by finding that Plaintiff was not fully credible?

2. Did the ALJ properly evaluate the medical opinion evidence?

3. Is the ALJ's decision supported by substantial evidence?

## VII. Discussion

### 1. ALJ's credibility decision

The ALJ determined that while some of Plaintiff's alleged symptoms were consistent with the medical evidence, other symptoms were not entirely credible. The ALJ gave several reasons for finding a lack of credibility. These included the fact that while he reported a problem with depression since childhood and a history of special education in high school, he also reported a history of gainful work activity as a telecommunications representative. Specifically, she noted that Plaintiff "was able to work with the same impairments and alleged limitations for some time prior to his alleged disability," and that Plaintiff earned $13,854 in

**ORDER DENYING PLAINTIFF'S MOTON FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

2007 and $16,995 in 2010. The ALJ also noted that a more recent evaluation completed in March, 2012 indicated that Plaintiff was capable of returning to work. Additionally, throughout 2012, Plaintiff repeatedly reported to his treatment providers that he was doing well with an increase in medication resulting in more energy, less isolation, and mood stability. The ALJ agreed with Dr. Mcknight's observations that there is no evidence of Plaintiff having difficulty getting along with others. Finally, the ALJ found that Plaintiff's treatment records do not support the frequency and severity of symptoms currently being asserted by Plaintiff. Plaintiff argues this was in error.

In determining whether a claimant's testimony regarding symptoms is credible, an ALJ must first determine if the Plaintiff has presented objective medical evidence of an underlying impairment that could reasonably cause the symptoms alleged. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). If there is no evidence of malingering, the ALJ can only reject the claimant's testimony about her symptoms by "offering specific, clear, and convincing reasons for doing so." *Id.* (internal citation omitted).

Here, the ALJ properly provided specific, clear, and convincing reasons for rejecting Plaintiff's statements regarding his limitations. It was reasonable to infer that because Plaintiff was able to perform substantial gainful activities while suffering from depression and an avoidant personality disorder, his allegations that he now can no longer work are not credible. *See Gregory v. Bowen*, 844 F.2d 665, 667 (9th Cir. 1988) ("[S]ubstantial evidence indicated that the condition of Gregory's back had remained constant for a number of years and that her back problems had not prevented her from working over that time.").

Second, the ALJ properly relied on Dr. Mcknight's testimony. Dr. Mcknight reviewed Plaintiff's longitudinal history and noted that Plaintiff's lack of motivation appeared to be a "maturation issue" in which Plaintiff displayed the behavior of a 13 or 14 year old who spends lots of time on the computer. Dr.

**ORDER DENYING PLAINTIFF'S MOTON FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7**

Mcknight and the ALJ concluded that Plaintiff had just developed a lifestyle that did not require much of him. This conclusion is supported by substantial evidence in the record. Notably, Plaintiff did not challenge the ALJ's reliance on Dr. Mcknight's testimony.

Finally, it was reasonable for the ALJ to rely on the fact that treatment records showed symptom improvement, which contradicted Plaintiff's testimony. As such, the ALJ's credibility determination is adequately supported by relevant evidence.

### 2. Medical Opinions

John F. Arnold, Ph.D, examined Plaintiff three times: March, 2011, July, 2011, and March, 2012. In March, 2011, Dr. Arnold identified that Plaintiff had marked to severe social difficulty and anxiety, and marked depression and anhedonia (lack of pleasure), and moderate to marked social isolation. He noted that Plaintiff had significant social difficulties due to feelings of inadequacy and concern that others are negatively judging him. He believed that at that time Plaintiff would have serious difficulties obtaining or maintaining employment.

In July, 2011, Dr. Arnold completed another psychological assessment. The purpose of the assessment was to determine if Plaintiff has significant intellectual deficits that might thwart his ability to be gainfully employed. (Tr. 279.) Plaintiff tested in the Low Average Intellectual Range.

Dr. Arnold completed a third assessment in March, 2012. Dr. Arnold noted that his current symptoms would interfere with attendance, productivity, and social interactions at work, but also noted that Plaintiff is capable of understanding and carrying out simple instructions and can concentrate for short periods of time. He can complete simple tasks without close supervision and not disrupt others. Dr. Arnold believed that Plaintiff would work best in positions that have minimal interaction with others.

**ORDER DENYING PLAINTIFF'S MOTON FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**

Plaintiff argues that the ALJ ignored Dr. Arnold's statement with regard to work interference. However, the ALJ incorporated these concerns in Plaintiff's residual functional capacity assessment. The Court does not read Dr. Arnold's March, 2012 assessment as concluding that Plaintiff is unable to work. Moreover, the ALJ properly considered Dr. Arnold's most recent assessment in determining Plaintiff's Residual Functional Capacity. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001) ("A treating physician's most recent medical reports are highly probative.").

### 3. Substantial Evidence

The Court has reviewed the administrative record and concludes that substantial evidence supports the ALJ's decision. The record demonstrates that in 2012, Plaintiff's depression was improving. Notably, Plaintiff was able to earn almost $17,000 in the same year that he alleges he became disabled. Moreover, the Residual Functional Capacity determined by the ALJ is supported by the record.

## VIII. Conclusion

The ALJ did not err in concluding that Plaintiff was not disabled under section 1614(a)(3)(A) of the Social Security Act.

Accordingly**, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 12, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 15, is **GRANTED**.

3. The decision of the Commissioner denying benefits is **affirmed**.

4. The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

///
///
///
///

**ORDER DENYING PLAINTIFF'S MOTON FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 2nd day of July, 2015.



Stanley A. Bastian
United States District Judge

**ORDER DENYING PLAINTIFF'S MOTON FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10**